UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,       :


      -against-             :      21 Cr. 466 (S-1) (HG)


RALPH DiMATTEO, et al.,       :

              Defendants.      :

-------------------------------------------------------x

**DEFENDANT RALPH DiMATTEO'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION FOR ADDITIONAL DISCOVERY
AND A BILL OF PARTICULARS**

Gerald J. McMahon, Esq.
*Attorney for Defendant Ralph DiMatteo*
11 Burnham Court
Scotch Plains, New Jersey 07076
(908) 347-4670
gm@geraldjmcmahon.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA,      :

      -against-              :        21 Cr. 466 (S-1) (HG)


RALPH DiMATTEO, et al.,      :

            Defendants.      :

--------------------------------------------------------x


<u>Introduction</u>

This memorandum of law in submitted by defendant Ralph DiMatteo ("defendant" or "DiMatteo") in support of his motion for additional discovery and a limited bill of particulars.

The relevant facts are set forth in the Declaration of Gerald J. McMahon, duly sworn to on November 14, 2022 ("McMahon Decl.").

**ARGUMENT**

DEFENDANT DiMATTEO'S REQUEST FOR
ADDITIONAL DISCOVERY AND A BILL
<u>OF PARTICULARS SHOULD BE GRANTED</u>

One of the principal causes of injustice in our criminal justice system is the simple fact that the prosecutor and the defendant do not stand on an equal footing in terms of resources for trial preparation. The prosecutor has the advantage of extensive preparation before the indictment is filed, the assistance of entire departments of experienced investigators, experts and support personnel, and a budget which imposes few restraints on his trial preparations. <u>Cf.</u> *United States v. Ash*, 413 U.S. 300, 309 (1973). Moreover, prosecutors frequently treat their anticipated evidence at trial, as well as other relevant information in their possession, with unwarranted secrecy, preventing the defendant from learning what will be used against him until it is too late for him to prepare a defense.

Pre-trial discovery is designed to minimize, to the greatest possible extent, these inequities in our present system. As the Advisory Committee's note concerning amended Rule 16 of the Federal Rules of Criminal Procedure states:

> The extent to which pre-trial discovery should be permitted in criminal cases is a problem which has been explored in detail in recent literature, most of which has been in favor of increasing the range of permissible discovery. (...) <u>The Rule has been revised to expand the scope of pre-trial discovery</u>.

<u>Id</u>. (emphasis added).

In *Dennis v. United States*, 384 U.S. 855 (1966), Mr. Justice Fortas expressed similar sentiments:

2

> In our adversary system for determining guilt or innocence, it
> is rarely justifiable for the prosecution to have exclusive access
> to a storehouse of relevant facts. Exceptions to this are justifiable
> only by the clearest and most compelling consideration.

Id. 873.  Moreover, in *Giles v. Maryland*, 386 U.S.66 (1965), Mr. Justice White (concurring)

said that courts enforcing the mandate of *Brady v. Maryland*, 373 U.S. 83 (1963) should seek

to equate "what the state knows at trial [with] knowledge held by the defense." *Giles v.*

*Maryland*, 386 U.S. at 96 (concurring opinion). Pre-trial discovery is not a poker game in

which players enjoy an absolute right always to conceal their cards until played. *Williams v.*

*Florida*, 399 U.S. 78, 82 (1970).  In fact, the Second Circuit has concluded that "[o]rdinarily

it is disclosure, rather than suppression, which promotes the proper administration of criminal

justice." *United States v. Baum*, 482 F.2d 1325, 1331 (2d Cir. 1973).

In line with the precedents cited herein, discovery to a defendant should be granted

with liberality. DiMatteo submits that his modest request for a bill of particulars and

additional discovery is both reasonable and necessary for the proper presentation of his

defense.

With regard to a particularization of the "others" with whom defendant allegedly

conspired to commit the charged crimes, courts in this and other circuits have routinely

granted requests to identify unnamed co-conspirators. See e.g. *United States v. Barrett,* 153

F. Supp. 3d 552, 571-73 (E.D.N.Y. 2015); *United States v. Nachamie*, 91 F.Supp.2d 565,

573-74 (S.D.N.Y. 2000); *United States v. Failla*, 1993 U.S. Dist. LEXIS 18507, at \*19-20

(E.D.N.Y. December 17, 1993); *United States v. Allocco*, 801 F.Supp. 1000, 1003 (E.D.N.Y.

3

1992); *United States v. Rosa*, 891 F.2d 1063 (3d Cir. 1989); *United States v. Trie*, 21

F.Supp.2d 7, 22 (D.D.C. 1998). In particular, principles governing bills of particulars "must

be applied with some care when the Government charges offenses under statutes as broad as

RICO." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988). Such is the case here.

      Courts generally employ a six-factor test to evaluate the propriety of disclosure,

looking to:

> (1) the number of co-conspirators; (2) the duration and breadth of the alleged
> conspiracy; (3) whether the government otherwise has provided adequate
> notice of the particulars; (4) the volume of pretrial disclosure; (5) the potential
> danger to coconspirators and the nature of the alleged criminal conduct; and
> (6) the potential harm to the Government's investigation.

*United States v. Kahale*, 789 F.Supp.2d 359, 372 (E.D.N.Y. 2009). The first two factors

strongly favor the granting of a bill of particulars. The S-1 Indictment charges five different

"Criminal Schemes" and fifteen separate conspiracies. Ind., ¶¶ 22-81. Clearly, the number of

unindicted coconspirators is quite large. And the time span for the alleged criminal conduct is

approximately twenty years. Ind., ¶ 23.

      Factors three and four also favor the defense. The government has not, in the

indictment or elsewhere, provided notice of the names of the alleged coconspirators, and the

volume of pre-trial discovery (eleven discovery productions so far, involving tens of

thousands of pages of documents) is massive. With regard to the final two factors, the

government <u>always</u> raises the spectre of possible witness intimidation in organized crime

cases, but there is nothing specific to this case which would justify overriding the other

factors supporting the granting of the bill.  To put it simply, DiMatteo cannot properly

prepare for trial if he doesn't know the universe of people with whom he is supposed to have conspired. Common sense and fairness dictate that the government be directed to provide a list of coconspirators.

With respect to additional discovery, defendant seeks two items: 1) the relevant statements of non-government-witness coconspirators; and 2) names and addresses of witnesses to the offenses charged in the indictment whom the government does NOT intend to call at trial. The government's investigation in this case proceeded for years, if not decades. During that time, they have unquestionably unearthed and interviewed numerous coconspirators with relevant knowledge – but whom they do not wish (for one reason or another) to use as a witness at trial. Even if the information those individuals possess doesn't rise to the level of *Brady* material in the prosecutor's view, it may very well be "material" to the defense "if it could be used to counter the government's case or to bolster a defense." *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993). It is the defense which would be the best judge of that materiality. And we must always bear in mind the wise words from the Court of Appeals for the District of Columbia Circuit:

> Witnesses ... to a crime are the property of neither the prosecution nor the defense. Both sides have an equal right, and should have an equal opportunity to interview them. (....) A criminal trial ... is a quest for the truth. That quest will more often be successful if both sides have an equal opportunity to interview the persons who have the information from which the truth may be determined.

*Gregory v. United States*, 369 F.2d 185, 188 (D.C. Cir. 1966). Defendant is seeking the names, addresses and statements (if any) of people with relevant information who are not

5

government witnesses. The United States Constitution does not allow the government to

withhold that information.

Dated:  Scotch Plains, New Jersey
        November 14, 2022

                                    Respectfully submitted,

                                    Gerald J. McMahon
                                    *Attorney for Defendant Ralph DiMatteo*
                                    11 Burnham Court
                                    Scotch Plains, New Jersey 07076
                                    (908) 347-4670
                                    gm@geraldjmcmahon.com


cc: The Honorable Hector Gonzalez
    United States District Judge
    (By ECF)

    All Counsel
    (By ECF)

6